Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN Z. LEE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7014 | **DATE** | 9/25/12 |
| **CASE TITLE** | Darrell Cosey (#K-63896) vs. Warden Michael P. Atchison | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. The petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Darrell Cosey, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction for first degree murder on the grounds that: (1) trial and appellate counsel were ineffective in multiple respects; (2) his confession was involuntary; (3) the evidence failed to establish his guilt beyond a reasonable doubt; (4) the prosecutor engaged in misconduct; (5) he was denied due process in that he unable to obtain trial transcripts in order to contest the conviction; and (6) the "automatic transfer" provision of Illinois' Juvenile Court Act is unconstitutional.

The petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted.

The petitioner seems to have filed this action in a timely manner; he contends that any failure to exhaust state court remedies as to certain issues raised in the federal habeas petition was due to omissions on the part of appellate counsel. It should also be noted that the instant matter does not appear to be duplicative of pending case *Cosey v. Gaetz*, Case No. 10 C 2454 (N.D. Ill.). The petitioner evidently challenges a different conviction under Case No. 10 C 2454. Accordingly, the respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, procedural default, or timeliness arguments it may wish to present.

**(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

    The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed.  In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601.  Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

    The petitioner's motion for appointment of counsel is denied at this time as premature.  Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require.  *See* Rule 8(c), Rules Governing Section 2254 Cases.  Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.