UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. Darrell Cosey, | ) ) ) | No. 12 C 7014 |
| Petitioner, | ) ) | |
| v. | ) ) ) | Judge Thomas M. Durkin |
| Rick Harrington, Warden, Menard Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Darrell Cosey, a state prisoner serving a 40-year prison term for murder, seeks a writ of habeas corpus pursuant to 28 U.S.C. 2254.[1] R. 1. Respondent Warden Rick Harrington has moved to stay these proceedings pending Cosey's exhaustion of available state court remedies with respect to one of the claims in his § 2254 petition.[2] R. 13. Cosey agrees that a stay should be granted. R.

---

[1] Cosey is also serving a natural-life sentence for a separate Cook County conviction for first degree murder. He has filed a separate § 2254 petition challenging that Cook County judgment currently pending in *Cosey v. Gaetz*, No. 10 C 2454 (N.D. Ill.). Proceedings on that § 2254 petition have been stayed while Cosey exhausts his state court remedies of a number of the claims raised in that petition. *Id.*, R. 7, 23, 24.

[2] Cosey initially named as respondent Michael Atchison, the warden of Menard Correctional Center, where Cosey was incarcerated when he filed his petition. Rick Harrington is now the warden of Menard Correctional Center, where Cosey continues to reside. Accordingly, Warden Harrington is substituted as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 25(d)(1); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held."); *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

18. The Court finds that a stay of these proceedings is appropriate and grants the Warden's motion. The case is stayed pending final disposition of Cosey's pending state court proceedings. The parties are directed to submit a report by December 8, 2013, notifying the Court as to the status of Cosey's postconviction litigation.

**Analysis**

Following his 1996 conviction for first degree murder by a Cook County jury, Cosey was sentenced to 40 years of imprisonment. R. 13, Ex. A. After an unsuccessful direct appeal, Cosey then pursued two rounds of state postconviction relief, also unsuccessful. *Id.*, Exhs. C, D, J, K, N, & O. On July 10, 2012, Cosey filed a motion for leave to file a successive postconviction petition and the proposed petition in the Circuit Court of Cook County,[3] alleging that Illinois' automatic transfer provision violates due process and the Eighth Amendment. *Id.*, Exh. P.[4] The motion and proposed successive petition remain pending in the state trial court. *Id.*; R. 20. Cosey then mailed his § 2254 petition on August 24, 2012, R. 4, and the Court received it on August 31, 2012, R. 1. The § 2254 petition raises, among other things, the same due process and Eighth Amendment challenges to Illinois' automatic transfer provision. R. 1 at 4, 66-72.

---

[3] The Court notes that Cosey alleges in his § 2254 petition that he mailed this motion and proposed petition to the Circuit Court of Cook County on June 20, 2012. R. 1 at 4.

[4] Although the motion for leave to file a successive postconviction petition and the proposed petition were not included in the exhibits submitted by the Warden, both parties agree that the proposed petition raises a challenge to Illinois' automatic transfer provision as violating due process and the Eighth Amendment. R. 13 at 4; R. 18 at 3; *see also* R. 1 at 4.

2

The Warden moves for a stay, arguing that Cosey's § 2254 petition is a mixed petition and that Cosey has exhausted his state court remedies for all the claims in his § 2254 petition except the claim currently raised in Cosey's pending state postconviction litigation. The Warden argues that a stay is particularly appropriate here because the timeliness of Cosey's § 2254 petition depends on the manner in which the state courts resolve Cosey's unexhausted claim.

"Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state court, the exhaustion doctrine precludes a federal court from granting relief on that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). When such a situation arises, the court has the option of denying the claim on the merits, § 2254(b)(2), or dismissing the § 2254 petition without prejudice to allow the habeas petitioner to return to state court to litigate the unexhausted claim. *Perruquet*, 390 F.3d at 514 (citing cases). Where the § 2254 petition is a mixed petition—one containing exhausted and unexhausted claims—*see Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006)—a district court has the discretion to stay proceedings on that petition pending exhaustion of state court remedies of an unexhausted claim in that petition (1) if there is "good cause" for the habeas petitioner's failure to first exhaust his unexhausted claim in state court; and (2) the unexhausted claim is not "plainly meritless." *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Also a consideration in deciding whether to dismiss the § 2254 petition without prejudice (allowing the habeas petitioner to return to state court to litigate the unexhausted claim) is whether such a dismissal would

3

"effectively end any chance at federal habeas review," namely whether dismissal would jeopardize the petitioner's ability to timely refile his § 2254 petition within the statutory time period. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

Here, the Warden argues, and the Court agrees, that the timeliness of Cosey's habeas petition hangs on whether the state courts grant Cosey leave to file his successive postconviction petition. If the state courts deny Cosey leave to file his proposed successive petition, then it has no tolling effect under 28 U.S.C. § 2244(d)(2) for it would not have been properly filed. *See Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009). Accordingly, under the Warden's calculations, the § 2254 petition would likely be untimely, absent any equitable tolling of the limitations period.[5] But if the state courts grant Cosey leave to file his proposed petition, then that petition would be deemed properly filed for § 2244(d)(2) purposes. Enough time would then remain on Cosey's limitations clock that his § 2254 petition would likely be timely filed.[6]

---

[5] Under § 2244(d)(1)(A)—there is no dispute that the other three possible dates in § 2244(d)(1) for starting the limitations period do not apply—Cosey's conviction became final on July 1, 2003. One hundred days of untolled time elapsed between this date and October 10, 2003, when Cosey filed his first postconviction petition. The limitations period was tolled under § 2244(d)(2) until the Illinois Supreme Court denied Cosey's petition for leave to appeal ("PLA") on November 30, 2011. The limitations period then began running the following day and expired on August 21, 2012. Cosey, however, did not mail his § 2254 petition until August 24, 2012. Under that calculation, the petition would likely be untimely.

[6] Under this calculation, 100 days of untolled time elapsed between the conclusion of direct review on July 1, 2003 and October 10, 2003. The limitations period began running again after the Illinois Supreme Court denied Cosey's postconviction PLA and continued running until July 10, 2012 when Cosey filed his motion for leave to file his successive postconviction petition and proposed petition (or June 20, 2012

4

Cosey challenges the Warden's timeliness calculation, arguing that he is entitled to equitable tolling of the limitations period and that his § 2254 petition would be timely even if the state courts ultimately deny him leave to file his successive postconviction petition. Cosey nevertheless agrees that a stay is appropriate while he exhausts his available state court remedies as to his unexhausted claim.

Because the timeliness of Cosey's § 2254 petition will depend on how the Illinois courts adjudicate Cosey's pending motion for leave to file a successive postconviction petition and a dismissal without prejudice could potentially end any chance of later federal habeas review, the Court finds that a stay is appropriate while Cosey exhausts his state court remedies as to his unexhausted claim. *See Dolis*, 454 F.3d at 725. Accordingly, the Court grants the Warden's motion to stay.

---

when he alleges he mailed it). Under this calculation, the § 2254 petition likely would be timely.

**Conclusion**

For the foregoing reasons, the Court grants the Warden's motion to stay Cosey's § 2254 proceedings pending the outcome of Cosey's state court litigation. The parties are directed to file a status report by December 8, 2013, notifying the Court as to the status of Cosey's pending postconviction litigation.

ENTERED:

_____
Thomas M. Durkin
United States District Judge

Dated: June 10, 2013